UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WADE ALAN KNIGHT,

    Plaintiff

v.

ELKO COUNTY, et al.

    Defendants

Case No.: 3:22-cv-00331-MMD-CSD

**Order**

Re: ECF Nos. 37, 38

Before the court are Plaintiff's motion for entry of default judgment against defendant Ricks (ECF No. 37) and Ricks motion to set aside the clerk's entry of default (ECF No. 38).

**I. BACKGROUND**

Plaintiff is an inmate in custody of the Elko County Detention Center (ECDC).  The court screened his first amended complaint, and allowed him to proceed with an Eighth or Fourteenth Amendment medical care claim that Ricks and Crowther were deliberately indifferent to his serious medical need based on allegations they did not treat his hepatitis C. He was also allowed to proceed against Elko County under a theory of municipal liability for an alleged policy not to treat hepatitis C due to cost. He was allowed to proceed with a claim under the Eighth and Fourteenth Amendment for conditions of confinement related to the showers at the jail against Parry. Finally, he was also allowed to proceed with a Fourteenth Amendment claim for violation of bodily privacy related to camera placement and video-access policies at ECDC against Parry, Narvaiza and Elko County. (ECF No. 8.)

Summonses were issued for the defendants. (ECF No. 9.) The summons was returned executed for defendant Ricks. The proof of service states the individual was personally served at

Medallus Medical. (ECF No. 11-3 at 2.) Ricks did not appear in the case, and on Plaintiff's motion, the court directed the Clerk to enter default against Ricks, and the Clerk did so on February 3, 2023. (ECF Nos. 33, 34.)

On February 16, 2023, Plaintiff filed his motion for entry of default judgment against Ricks. (ECF No. 37.)

On February 18, 2023, Ricks filed a motion to set aside the entry of default. (ECF No. 38.) Ricks asserts that she was not personally served with the summons and complaint, but some other person at her employer was served. After some investigation, her employer contacted its insurer, and counsel in Utah was retained to defend her on February 16, 2023. Utah counsel then located local counsel in Reno, Nevada, and this motion was filed shortly thereafter.

## II. DISCUSSION

Preliminarily, it is appropriate to grant Ricks' motion because Plaintiff did not oppose the request to set aside the Clerk's entry of default. LR 7-2(d). Moreover, Ricks' motion sets forth good cause for setting aside the entry of default.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defendant, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

"The court may set aside an entry of default for good cause…." Fed. R. Civ. P. 55(c). "To determine 'good cause,' a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [the party] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085,

1091 (9th Cir. 2010) (citation omitted, alteration original) (*Mesle*). "A finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id*. (citation omitted). That said, the "rules for determining when a default should be set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *Id*. at 1089 (citations omitted).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id*. (citations omitted).

First, insofar as culpable conduct is concerned, "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (citations omitted, emphasis original). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfering with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id*. (citation omitted). Courts have "'typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.'" *Id*. (citation omitted). "[S]imple carelessness" is typically not sufficient. *Id*. (citations omitted).

As soon as an investigation was made into the lawsuit after someone at Ricks' employer was served, counsel was retained for Plaintiff, and this motion was filed. There is no culpable conduct on Ricks' part.

Second, "'[a] defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is

not extraordinarily heavy.'" *Mesle*, 615 F.3d at 1094 (citation omitted). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]" *Id*. "'[T]he question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default." *Id*. (citation omitted). That is the subject of later litigation. *Id*.

Here, Ricks asserts that she will deny the factual allegations of the complaint and assert she complied with all relevant standards of care.

The court finds this is sufficient to demonstrate a meritorious defense for purposes of setting aside the entry of default.

Finally, to be prejudicial, setting aside the default must "'result in greater harm than simply delaying resolution of the case.'" *Mesle,* 615 F.3d at 1095 (citation omitted). "'[T]he standard is whether [plaintiffs'] ability to pursue [their] claim will be hindered.'" *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 701 (9th Cir. 2001), *overruled on other grounds,* (citing *Falk v. Allen*, 739 F.3d 461, 463 (9th Cir. 1984) (per curiam)). Merely being forced to litigate on the merits is not prejudicial. *Id*.

Plaintiff would not be prejudiced by an order setting aside default because he has not opposed the motion to set forth any purported prejudice. Moreover, this case is in its early stages and Plaintiff has plenty of time to conduct discovery and pursue his claim as to Ricks. The fact that Plaintiff does not oppose Ricks' motion, coupled with the brief amount of time that Ricks was in default, leads the court to conclude that setting aside the default would not be prejudicial to Plaintiff.

In sum, these factors, coupled with the public policy of deciding cases on their merits, weigh in favor of setting aside the Clerk's entry of default against Ricks.

### III. CONCLUSION

Ricks' motion to set aside the Clerk's entry of default (ECF No. 38) is **GRANTED** and Plaintiff's motion for entry of default judgment (ECF No. 37) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated: March 6, 2023

_____
Craig S. Denney
United States Magistrate Judge