UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WADE ALAN KNIGHT,<br><br>                      Plaintiff,<br>   v.<br><br>ELKO COUNTY, et al.,<br><br>                      Defendants. | 3:22-cv-00331-MMD-CSD<br><br>**ORDER**<br><br>Re:  ECF No. 48 |

      Before the court is Plaintiff's Motion to Compel Discovery. (ECF No. 48.) Defendants have filed an opposition and supplement to Plaintiff's motion. (ECF Nos. 50, 61.)  Plaintiff has replied. (ECF No. 60.)

      Plaintiff contends that he sent a request for production of documents over 30 days ago to Defendants Elko County, Aitor Narvaiza and Lt. Adrienne Parry requesting "video footage from Case Number EL-JC-CR-F-22-2599 and the entire Elko County Detention Policy Manual" and has not received a response. (ECF No. 48 at 1, 2.)

      Defendants opposed Plaintiff's motion stating they have provided full responses to the written discovery at issue and "Plaintiff has made no attempt to meet-and-confer before filing this motion nor has he provided certification as required by this District Court's Local Rules." (ECF No. 50 at 1.) Further, in Defendants' supplement, they claim that the video footage from Case Number EL-JC-CR-F-22-2599 and Elko County Jail Policies have been sent to Plaintiff. (ECF No. No. 61 at 2.)

      Plaintiff's reply memorandum contends that when he requests documents from the Elko County Defendants, he is given "a whole bunch of excess or answers that do not amount to anything

1

that will produce said video footage." (ECF No. 60 at 4.) Plaintiff further claims that he did not know he had to meet and confer before filing a motion compel.

On January 2, 2023, the court held a case management conference and discussed the importance of the meet and confer requirements with the parties and stated in part as follows:

> "Prior to filing a discovery motion, the parties must first undertake a good faith effort to resolve any dispute among the parties. A discovery motion will not be considered unless the movant has made a good-faith effort to meet and confer with the opposing party before filing the motion. In order to comply with the meet and confer requirement, an incarcerated party is required to send a written communication to opposing counsel or party explaining, with specificity, the discovery dispute, and a request to hold a telephonic meet and confer session."

(ECF No. 22.)

Plaintiff is again advised that a motion seeking to compel responses to discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* LR 26-6(c), which provides in pertinent part as follows:

> (c)  Discovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

The following is the pertinent text of LR IA 1-3(f):

> (f)  Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.
>
> (1)  The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.

(2) A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

(3) In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement.

(4) Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.

In view of Defendants' Supplement (ECF No. 61), it appears to the court that Plaintiff has received the video footage from Case No. EL-JC-CR-F-22-2599 and the Elko County's Jail Policy Manual.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 48) is <u>**DENIED**</u> as moot.

DATED: May 24, 2023.



UNITED STATES MAGISTRATE JUDGE